UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-231-GWU

LISA JONES,                                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

**INTRODUCTION**

Lisa Jones brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-231  Lisa Jones

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

07-231  Lisa Jones

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-231  Lisa Jones

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-231  Lisa Jones

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

07-231  Lisa Jones

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jones, a 40-year-old former fast food worker with a "limited" education, suffered from impairments related to chronic obstructive pulmonary disease, low back pain, shoulder pain and depression.  (Tr. 15, 20).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 18, 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 20-21).  The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

07-231  Lisa Jones

The hypothetical question presented to Vocational Expert Dwight McMillion included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders; (2) an inability to more than occasionally stoop, crawl, or reach overhead; (3) a need to avoid exposure to dust and fumes; and (4) a restriction to simple, routine work in a routine work setting with limited public contact.  (Tr. 248).  In response, McMillion identified a significant number of jobs in the national economy which could still be performed.  (Tr. 249-250).  The ALJ later inquired of the witness concerning the effect of a "fair" restriction of ability to perform in all mental areas.  (Tr. 250).  The expert testified that the previously cited jobs could still be performed.  (Id.).  Therefore, assuming that the vocational factors considered by McMillion fairly characterized Jones's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Mark Burns examined Jones and indicated that her physical and orthopedic examinations were within normal limits.  (Tr. 172).  Dr. Burns opined that the plaintiff would have no impairment with regard to sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking, and traveling.  (Id.).  Dr. Ayesha Sikder, a treating physician, only indicated a need to quit smoking as a restriction upon the claimant's activities.  (Tr.

8

167).  Dr. James Ramsey, a non-examining medical reviewer, opined that the plaintiff's physical problems were "less than severe." (Tr. 194).  Dr. Parandhamulu Saranga, another medical reviewer, thought that Jones could perform the full range of light level work.  (Tr. 202-208).  The physical factors considered by the vocational expert were compatible with these opinions.  The plaintiff has not raised the ALJ's assessment of her physical condition as an issue.  Therefore, the court finds no error.

With regard to Jones's mental condition, Psychologist Eric Johnson examined her and diagnosed major depression, a generalized anxiety disorder, a history of being a victim of physical and sexual abuse, and borderline intelligence. (Tr. 153).  Johnson identified a number of very serious mental impairments, including a "poor" ability to interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, handle complex and detailed instructions, maintain personal appearance, and demonstrate reliability. (Tr. 155-156). These are more severe mental limitations than those found by the ALJ.  The ALJ rejected Johnson's opinion as binding.  (Tr. 19)  The ALJ noted a number of reasons why this opinion was rejected, stating that it appeared to be based on her reported limitations and the lack of mental health treatment being recommended by examining sources.  (Tr. 20).  The undersigned notes that the examiner rated the plaintiff's Global Assessment of Functioning (GAF) at 55.  (Tr.

07-231  Lisa Jones

153).  Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34.  The very serious mental limitations appear inconsistent with  this GAF.  The claimant has not raised an issue concerning the ALJ's rejection of Johnson's mental limitations.

The ALJ relied upon the opinions of Psychologists Edward Ross and Laura Cutler, the non-examining medical reviewers.[1]  (Tr. 19).  Jones argues that, despite this purported reliance, the mental factors of the hypothetical question did not incorporate all of the mental restrictions reported by the reviewers.  Each reviewer opined that the plaintiff would be "moderately limited" in such areas as understanding, remembering and carrying out detailed instructions, interacting appropriately with the general public, and performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances.  (Tr. 190-191, 209-210).  The court notes that the ALJ's limitations to simple, routine work with limited public contact would accommodate most of these restrictions.  As previously noted, the ALJ later presented a  "fair" limitation concerning <u>all</u> areas of mental functioning which the witness indicated would not change the previously

---

[1]Ross reviewed Johnson's report and noted reasons why he did not believe the examiner's restrictions were well-supported, feeling that the restrictions were based on physical as well as mental problems.  (Tr. 192).  This is significant because limitations based on physical factors are not within the expertise of psychologists such as Johnson.

10

07-231  Lisa Jones

cited job numbers.  Therefore, under these circumstances, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 3rd day of September, 2008.

**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**